**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAYER BROTHERS CONSTRUCTION COMPANY, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 11-14 Erie |
| DINSICK EQUIPMENT CORP., | ) ) | District Judge McLaughlin |
| Defendant. | ) ) | |
| | ) ) | |

**<u>MEMORANDUM ORDER</u>**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Plaintiff's Motion to Compel Discovery and Motion for Sanctions (Dkt. #8).  For the reasons which follow, both motions are granted.

I.     <u>BACKGROUND</u>

On January 19, 2011, Plaintiff initiated this action by filing a Complaint asserting claims of breach of contract and fraud.  (Dkt. #1).  A copy of the Complaint was served upon the David Dunsick, president of Defendant Dunsick Equipment Corporation ("Defendant"), on January 21, 2011.  (<u>See</u> Dkt. #8, ¶ 2).  When Defendant failed to respond to the Complaint, default judgment in favor of the Plaintiff was entered on February 23, 2011 in the amount of $78,350.00, plus interest and costs. (Dkt. #7).

On March 4, 2011, Plaintiff served upon Defendant post-judgment Interrogatories in Aid of Execution.  (Dkt. #8, Ex. 1).  When Defendant failed to respond within the applicable 30-day period, Plaintiff sent a second letter to Defendant

on April 14, 2011, requesting a response to the Interrogatories in Aid of Execution and cautioning that Defendant's continued failure to respond would result in a motion for sanctions.   (Dkt. #8, Ex. 2).   Defendant again failed to respond.

On May 13, 2011, Plaintiff filed the instant Motion to Compel and Motion for Sanctions.   (Dkt. #8). This Court ordered Defendant to respond to the motions on or before June 2, 2011.   When Defendant failed to respond, this Court issued a second order on June 3, 2011, again directing Defendant to respond and allowing him until June 23, 2011 to do so.   Defendant again ignored the Court's order and failed to respond within the time provided.

On June 30, 2011, Defendant entered an appearance in this action for the first (and only) time by filing a letter requesting an extension of time to respond until July 15, 2011.  (Dkt. #10).   This Court granted Defendant's untimely request, but, incredibly, Defendant once more failed to respond.   As a result, an order was issued commanding Defendant to appear before the Court on August 25, 2011 and show cause as to why sanctions should not be imposed for his failure to have complied with the Court's previous orders.  (Dkt. #11).   The hearing date was subsequently rescheduled for October 24, 2011.   Defendant failed to appear at the hearing or provide any communication to the Court explaining his absence.

II.   <u>DISCUSSION</u>

A judgment creditor seeking to aid in the execution of a money judgment is permitted to "obtain discovery from any person – including the judgment debtor" as generally provided by the Federal Rules of Civil Procedure.   <u>Laborers Local Union 158 v. Fred Shaffer Concrete</u>, 2012 WL 382954, *1 (M.D. Pa. 2012); Fed. R. Civ. P. 69(b). Rule 33 permits a party to "serve on any other party . . . written interrogatories" which must be answered or objected to "within 30 days after being served with the

interrogatories." Fed. R. Civ. P. 33(a), (b)(2). Where a party fails to provide a response or to raise objections after being properly served with interrogatories under Rule 33, Rule 37 permits the party serving the interrogatories to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

In the instant case, it is evident from the record that Plaintiff has diligently "attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defendant has twice ignored Plaintiff's properly served requests for interrogatories and has disregarded three separate orders from this Court directing him to respond to Plaintiff's Motion to Compel. Defendant also disobeyed this Court's order for him to appear before the Court and show cause as to why sanctions should not be imposed against him for his failure to respond. As a result, Plaintiff's Motion to Compel is GRANTED. Defendant is hereby ORDERED to provide full and complete responses to Plaintiff's Interrogatories in Aid of Execution within twenty days of the date of this Memorandum Order. Defendant is further ORDERED to designate a representative for the purpose of taking a deposition in aid of execution within twenty days.

Plaintiff also seeks an order directing Defendant to pay reasonable attorney's fees associated with the preparation of the Motion to Compel. The Federal Rules of Procedure provide that, where a motion to compel discovery is granted, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(a)(5)(A); see also, e.g., Shaffer Construction, 2012 WL 382954, *2 (awarding attorney's fees incurred by plaintiff's counsel in pursuing a motion for sanctions and motion to compel after defendants failed to respond to post-judgment interrogatories despite court order); Hornsby v. Three Dollar Café, 2006 WL 508053, *2 (N.D. Ga.

2006) (awarding reasonable attorney's fees pursuant to Rule 37 where opposing party failed to respond to post-judgment interrogatories); <u>Nat'l Satellite Sports v. Elizondo</u>, 2003 WL 21507362, *2 (N.D. Texas 2003) (same).   Because I find that nothing in the instant case would render such an award unjust, Plaintiff's Motion for Sanctions is GRANTED and Defendant is hereby ORDERED to pay those expenses, including attorney's fees, which the Court determines to be reasonably related to the preparation and prosecution of the instant Motion to Compel.   Plaintiff's counsel shall provide the Court with any affidavits or other materials in support of the amount or reasonableness of attorney's fees and expenses within ten days.

IT IS SO ORDERED.

<u>/s/ Sean J. McLaughlin</u>
United States District Judge

cm: All parties of record. ___