IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAYER BROTHERS CONSTRUCTION COMPANY, INC.,<br><br>      Plaintiff,<br>v.<br><br>DINSICK EQUIPMENT CORP.,<br><br>      Defendant. | C.A. No. 11-14 Erie<br>Chief District Judge McLaughlin |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., Chief Judge

This matter is before the Court upon Plaintiff's Motion to Hold Defendant and its Principals in Contempt of Court (Dkt. #17). For the reasons which follow, Plaintiff's motion is granted.

### I. BACKGROUND

On January 19, 2011, Plaintiff initiated this action by filing a Complaint asserting claims of breach of contract and fraud. (Dkt. #1). On January 21, 2011, a copy of the Complaint was served upon David Dunsick, president of Defendant Dunsick Equipment Corporation ("Defendant"). (See Dkt. #8, ¶ 2). Defendant failed to respond to the Complaint, resulting in the entry of default judgment in favor of the Plaintiff on February 23, 2011 in the amount of $78,350.00, plus interest and costs. (Dkt. #7).

On March 4, 2011, Plaintiff served upon Defendant post-judgment Interrogatories in Aid of Execution. (Dkt. #8, Ex. 1). When Defendant failed to respond, Plaintiff sent a second letter requesting a response to the Interrogatories in Aid

of Execution and cautioning that Defendant's continued failure to respond would result in a motion for sanctions. (Dkt. #8, Ex. 2). Defendant again failed to respond.

On May 13, 2011, Plaintiff filed a Motion to Compel and Motion for Sanctions. (Dkt. #8). This Court ordered Defendant to respond to the motions on or before June 2, 2011. When Defendant failed to respond, this Court issued a second order on June 3, 2011, again directing Defendant to respond and allowing him until June 23, 2011 to do so. Defendant again ignored the Court's order and failed to respond within the time provided.

On June 30, 2011, Defendant entered an appearance in this action for the first (and only) time by filing a letter requesting an extension of time to respond until July 15, 2011. (Dkt. #10). This Court granted Defendant's untimely request, but Defendant once more failed to respond. As a result, an order was issued commanding Defendant to appear before the Court on August 25, 2011 and show cause as to why sanctions should not be imposed for his failure to have complied with the Court's previous orders. (Dkt. #11). The hearing date was subsequently rescheduled for October 24, 2011. Defendant failed to appear at the hearing or provide any communication to the Court explaining its absence.

On March 2, 2012, this Court granted Plaintiff's Motion to Compel and Motion for Sanctions. (Dkt. #14). The Court's order directed Defendant to "provide full and complete responses to Plaintiff's Interrogatories in Aid of Execution within twenty days" and "to designate a representative for the purpose of taking a deposition in aid of execution within twenty days." The Court also ordered Defendant to pay expenses, including attorney's fees, incurred by the Plaintiff during the preparation and presentation of the motion to compel. To date, Defendant has again failed to comply with the Court's order or to provide any explanation for its ongoing refusal to comply with court orders

and satisfy its discovery obligations. As a result, Plaintiff now requests that the Court issue an order holding Defendant in contempt and directing that Dinsick be incarcerated until Defendant complies with its discovery responsibilities. Defendant has failed to respond to Plaintiff's motion. This matter is ripe for review.

II. DISCUSSION

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966) (citing United States v. United Mine Workers, 330 U.S. 258, 330-32 (1947)). With respect to discovery orders, such sanctions are explicitly authorized by Rule 37 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(b)(2)(vii) (authorizing a court to "treat[] as contempt of court the failure to obey any order . . ."). Civil contempt sanctions are "designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 827 (1994). Coercive sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or . . . by setting forth in advance the penalties the court will impose if the party deviates from the part of obedience." Int'l Plastics & Equip. Corp. v. Taylor's Industrial Serv. Corp., 2011 WL 1399081 (W.D. Pa. 2011) (internal citations omitted). Consistent with this purpose, a wide range of sanctions are available to a district court "including incarceration, fines, or a reimbursement of costs to the complainant." Shulman v. Chromatex, Inc., 2012 WL 3289006, *3 (M.D. Pa. 2012) (citing Int'l Plastics, 2011 WL 1399081 at *5).

To demonstrate civil contempt, the Court must find that "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order."  Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3rd Cir. 1995).  In the instant case, each of these elements is easily satisfied.  To date, Defendant has ignored and failed to respond to four separate Orders from this Court.   Each Order was sent to Defendant by certified mail and signed for by Defendant's principal, Dinsick.  Nevertheless, not one of the Court's orders elicited compliance (or even a response).

In light of Defendant's repeated and willful failure to respond to this Court's orders, and consistent with Rule 37(b)(2)(vii) and this Court's inherent power to enforce its own orders, Plaintiff's motion to hold Defendant in contempt is GRANTED.  In order to ensure that Defendant satisfies his discovery obligations, the Court hereby ORDERS Defendant to provide full and complete responses to Plaintiff's Interrogatories in Aid of Execution and to designate a representative for the purpose of taking a deposition in aid of execution within twenty days of this date.  If Defendant fails to comply within that time, or provide an explanation as to why he cannot do so, a fine of $200.00 per day will be imposed and will accrue until such time as Defendant complies.[1]

---

[1]  We note that this Order is consistent with the purposes underlying sanctions for civil contempt in that each of the aforementioned penalties can be avoided by Defendant through simple compliance with the Court's previous orders and satisfaction of his discovery obligations. Moreover, these sanctions are consistent with those imposed by several other district courts in this jurisdiction for similarly egregious non-compliance.   See, e.g., Shulman, 2012 WL 3289006 at *3 (holding defendant in civil contempt and imposing daily fine of $500.00 until defendant complied with discovery obligations); Int'l Plastics, 2011 WL 1399081 at **14-15 (imposing progressive sanctions for civil contempt including a daily fine of $1,000.00 and potential incarceration until defendant furnished discovery responses); General Insurance Company of America v. Eastern Consolidated Utilities, Inc., 1997 WL 700551 (E.D. Pa. 1997) (declaring civil contempt and imposing reimbursement of costs, a daily fine of $100.00, and potential incarceration for defendant's failure to attend depositions and respond to discovery requests).

IT IS SO ORDERED.

/s/ Sean J. McLaughlin
Chief United States District Judge

cm: All parties of record. ___