IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAYER BROTHERS CONSTRUCTION )
COMPANY, INC., )
)
Plaintiff, ) Civil Action No. 1:11-cv-00014
)
v. )
) Judge Mark R. Hornak
DINSICK EQUIPMENT CORPORATION, )
HUMAN SERVICES, INC, ET AL, )
)
Defendant. )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge,**

This case has a checkered history dating back to January 19, 2011. Since the filing of the Complaint, ECF No. 1, the Defendant, Dinsick Equipment Corporation, under the control of its President, David Dinsick, has failed to comply with Court Orders on at least seven (7) separate occasions.[1] *See* ECF docket entries dated May 18, 2011 (Order directing response to Motion to Compel Discovery and Motion for Sanctions, with which Defendant failed to comply); June 3, 2011 (Order again directing response to Motion to Compel Discovery and Motion for Sanctions, with which Defendant failed to comply); June 30, 2011 (Order granting Defendant's Motion for Extension of Time and setting new deadline, with which Defendant failed to comply); ECF No. 12 & Minute Entry dated October 24, 2012 (Order setting hearing to show cause why sanctions should not be imposed for failing to comply with previous Court Orders and Minute Entry confirming that Defendant failed to appear at hearing); ECF No. 14 (Order granting Motion to Compel Response and Motion for Sanctions, with which Defendant failed to comply); ECF No.

---

[1] This case was transferred to this Court on December 20, 2013. Therefore, the Court's count of the exact number of Orders with which Mr. Dinsick has failed to comply may not be exact.

18 (Order granting Motion to Hold Defendant in Contempt of Court, directing Defendant to provide information, and imposing a fine until such time as Defendant provided said information, with which Defendant failed to comply); ECF Docket entry dated September 15, 2014 (Order scheduling telephonic status conference and directing participants to contact Chambers with preferred telephone numbers, with which Defendant failed to comply).

Now before the Court is Plaintiff, Mayer Brothers Construction Company, Inc.'s Second Motion to Hold Defendant and Its Principals in Contempt of Court. ECF No. 23. Judge McLaughlin previously granted (as to the Defendant corporation) Plaintiff's First Motion to Hold Defendant and Its Principals in Contempt of Court, ECF No. 17, by written Memorandum Opinion and Order dated August 16, 2013, ECF No. 18. However, since it appears that Mr. Dinsick was not personally held in contempt via that Order, the Court will now schedule a hearing, at which time David Dinsick shall appear and show cause why he should not be held personally in contempt of Court, for his failure, as a responsible corporate officer, to compel the Defendant's compliance with the Court's orders.

Contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827 (1994). "Case law establishes . . . that individuals, who are neither parties to a proceeding nor named in the court order at issue, may nonetheless be subject to the court's contempt powers if they have knowledge of a valid court order and abet others in violating it." *Roe v. Operation Rescue*, 54 F.3d 133, 140 (3d Cir. 1995); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 674 (3d Cir. 1999) ("One with knowledge of a court order who abets another in violating the order is surely in contempt." (citing *Roe*, 54 F.3d at 140; *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 972 (3d Cir.1982))).

The Supreme Court has defined the "paradigmatic coercive, civil contempt sanction" as "confining a contemnor indefinitely until he complies with an affirmative command . . . ." *Bagwell*, 512 U.S. at 828. Before imposing such a sanction, however, this Circuit has held that the "'potential contemnor'" must "'be given notice and a hearing.'" *Marshak v. Treadwell*, 595 F.3d 478, 492 (3d Cir. 2009) (quoting *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1127 (3d Cir.1990)).

Despite his utter failure to actively engage in the proceedings associated with this case, Mr. Dinsick presumptively has the requisite knowledge necessary for the Court to find him personally in contempt. Such knowledge is evidenced on this Court's docket, which contains several signed receipts accepting service for various documents, as well as a handwritten note from Mr. Dinsick to Judge McLaughlin requesting an extension of time to comply with an Order—the extension was granted, but the submission ordered never arrived. ECF Nos. 9; 10; 13; 22.

Moreover, while Mr. Dinsick is not himself a party to the action, the Defendant corporation clearly acts only through its officers, principally Mr. Dinsick as its President. *Bergeson v. Life Ins. Corp. of Am.*, 265 F.2d 227, 232 (10th Cir. 1959) ("A corporation necessarily acts vicariously. It is elementary that a corporation can acquire knowledge only through its officers and agents. Their knowledge is the knowledge of the corporation."). Judge McLaughlin found the requisite knowledge sufficient to hold the corporation in contempt. ECF No. 18. By necessity, then, since a corporation "can know only what its agents and officers know," *Schoenbaum v. Firstbrook*, 405 F.2d 200, 211 (2d Cir. 1968) *abrogated on other grounds by Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 130 (2010), Mr. Dinsick, as the only known representative of Dinsick Equipment Corporation, also demonstrated the requisite

knowledge of this action when he filed documents on behalf of the corporation. *See* ECF No. 10. As a non-party, that knowledge and action as President of his company in abetting his company's noncompliance with Court orders, provides authority for this Court to hold him personally in contempt. *Roe*, 54 F.3d at 140; *Quinteros*, 176 F.3d at 674.

In compliance with Circuit precedent, the Court will therefore schedule a hearing to show cause why Mr. Dinsick should not be held in contempt of court in his individual capacity. *Marshak*, 595 F.3d at 492. If Mr. Dinsick fails to appear at the hearing ordered by this Court, the Court will order the "paradigmatic" sanction of holding Mr. Dinsick personally in contempt and "confining [him] indefinitely" until he complies. *Bagwell*, 512 U.S. at 828.

Mark R. Hornak
United States District Judge

cc: All counsel of record
    Mr. David Dinsick